Four attorneys of record in these dockets, Robert S. Johnson, Jack Joseph, Robert C. Bell, Jr., and the estate of Walter H. Maloney, seek an attorneys’ fee of $449,781.55 which is 10 percent of the final award of $4,497,815.59 ordered by this court on March 23, 1979. Pursuant to 25 U.S.C. § 70n (1976) and the attorneys’ contracts as approved by the Department of the Interior, the attorneys seek the fee on their own behalf and for all counsel entitled to participate in the fee awarded in these dockets. The attorneys’ contract with the Citizen Band of Potawatomi provides that the compensation for attorney services shall be 10 percent of the amount recovered for the Indians, whereas the contracts with the Prairie Band of Potawatomi and the Hannahville Indian Community specify that compensation for attorney services shall not exceed 10 percent of the amount recovered. Copies of the fee petition have been furnished to the appropriate tribal authorities of the Prairie Band Potawatomi, the Hannahville Indian Community, the Forest County Potawatomi Community, the Potawatomi Indian Nation and the Citizen Band of Potawatomi tribes. No opposition to the requested fee has been filed by any of the represented plaintiffs or by defendant.
The lands for which plaintiffs in these dockets have won compensation consist of approximately 4.5 million acres *848 situated in northern Indiana and southern Michigan. The lands encompass Royce Areas 132, 133, 145, 146, 180 and 181. The Indian Claims Commission’s title decision was rendered in December 1973 at 32 Ind. Cl. Comm. 461. It was then necessary to establish, by trial, the value of these lands as of the dates they were ceded to the United States by treaty, to determine whether the compensation paid was unconscionably low and award an amount to justly reflect the true value of the lands ceded. In its decision in this docket of September 8, 1978, at 43 Ind. Cl. Comm. 74, 148, the Commission established the following:

Generally the Commission found that lands having a value at the time of cession of between $1.08 and $1.66 per acre were ceded for an aggregate consideration of $0.26 per acre. Thus it is upon this award of $4,497,815.59 that the attorneys request their respective fees. This court entered final judgment in the case by order of March 23, 1979.
While litigation of Indians claims cases is generally difficult, this one appears to have been particularly trying. The 17 pages of docket entries in Docket 29-L show virtually an unbroken sequence of activity in this case since its original filing in 1950. Formal hearings or oral arguments were conducted before the Indian Claims Commission on approximately six occasions and the case was appealed twice to this court. A review of the Commission’s 174 page decision determining the value of the lands in question reveals the complexity and difficulty of establishing land values as of the early 1800’s based on ancient land sale records and expert testimony. Intra-tribal disputes which resulted in five-sided litigation exacerbated the usual problems of trying a case of this nature. Based upon examination of the attorneys’ petitions, docket *849 entries, selected portions of the record and decisions of the Indian Claims Commission, we believe award of the fee requested comports with the standards explained in Cherokee Nation v. United States, 174 Ct. Cl. 131, 146, 355 F. 2d 945, 953 (1966) for the determination of attorneys’ fees.
Three attorneys also request that the total fee be apportioned among them as follows: 70% of the total award or $314,847.08 to Robert S. Johnson and Jack Joseph, attorneys of record for the Prairie and Citizen Band Potawatomi respectively, and 30% or $134,934.46 to Robert C. Bell, Jr., attorney of record for the Hannahville plaintiffs. It is further requested by the Estate of Walter H. Maloney that it be awarded a portion of the award to Bell pursuant to a contractual agreement between Bell and Maloney. Maloney was attorney of record in Dockets 29-L, 29-M, 29-O and 29-P from 1948 until his death in 1967 when Bell became sole attorney of record. While this court has previously awarded fees specifically according to agreements to apportion, there is no affirmative indication here, as there has been in other cases, see Potawatomi Nation of Indians, Nos. 15-P, 29-N, 306, 220 Ct. Cl. 744, 746 (1979) that the apportionment requested has the consent of all the attorneys concerned.[1] Generally speaking, the court will refrain from directing specific apportionment where a dispute as to the apportionment may exist. Sisseton and Wahpeton Bands or Tribes v. United States, 191 Ct. Cl. 459, 469, 423 F.2d 1386, 1391 (1970). Thus, in this case, a simple joint award is appropriate.
Accordingly, it is therefore ordered upon consideration of the attorneys’ submissions and other papers that petitioners are awarded attorneys’ fees of $449,781.55 to be paid out of the final judgment of $4,497,815.59 entered by this court on March 23, 1979. It is further ordered that the award be apportioned as follows: $314,847.09 to Robert S. Johnson and Jack Joseph, attorneys respectively for the Prairie Band (plaintiffs in Dockets 15-N, 15-0, 15-Q and 15-R) and Citizen Band Potawatomi (Dockets 128, 309, 310), for and on behalf of all counsel entitled to participate in the fees for said groups. The balance of $134,934.46 is *850 awarded to Robert C. Bell, Jr., and the Estate of Walter H. Maloney, Walter H. Maloney, Jr., co-executor, on their behalf and on behalf of all contract attorneys with an interest in the fee in Dockets 29-L, 29-M, 29-O and 29-P.
On attorney Bell’s motion for modification of the fee award and on partial opposition thereto by attorney Walter H. Maloney, Jr., the court without oral argument, on January 25, 1980 denied the request for modification. On attorney Bell’s motion for rehearing and modification of the fee award, the court, without oral argument, on March 28,' 1980 denied the motion.

 I.e., Bell has not yet fully agreed to the exact split with Maloney’s estate.